UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GOLUB & ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV92 JCH |
| ) | |
| DAN LONG, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' various Motions to Dismiss for Lack of Personal Jurisdiction. (Doc. Nos. 3, 6, 8, 10). The motions are fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff Golub & Associates, Inc. ("Golub") is a Missouri Corporation, engaged in the business of insurance adjusting in both Missouri and Illinois. (Compl., ¶¶ 1, 10). Defendant Dan Long ("Long"), a citizen and resident of Illinois, was an employee of Golub from 1982 to 2008, and an officer and director of Golub from approximately January, 2005, until May 19, 2008. (Id., ¶¶ 2, 11). Defendant Kirk Freels ("Freels"), a citizen and resident of Illinois, was an employee of Golub from approximately October, 2004, until May 19, 2008. (Id., ¶¶ 3, 12)[2]. Defendant Anna Pfalzgraf

---

[1] The Court's background section is taken from Golub's Complaint, to which Defendants have not yet filed answers.

[2] In an affidavit attached to his Motion to Dismiss, Freels maintains he was never an employee of Golub, but instead acted only as an independent contractor. (Affidavit of Kirk Freels, Doc. No. 8-2, P. 2).

("Pfalzgraf"), a citizen and resident of Illinois, was an employee of Golub from approximately June, 2006, until May 19, 2008. (Id., ¶¶ 4, 13).

On or about January 3, 2008, Defendants Long, Freels, and Pfalzgraf (the "Individual Defendants") formed Defendant Gateway Public Adjusters, PC ("Gateway"), an Illinois professional corporation with its principal place of business in Illinois.[3] (Compl., ¶¶ 5, 14). According to Golub, from the time of its formation through the present, Gateway has been used by the Individual Defendants as an enterprise, as that term is defined by the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), to illegally divert customers and money from Golub. (Id., ¶¶ 5, 15, 16). Golub further alleges Gateway and the Individual Defendants illegally took records and other property of Golub, and that the Individual Defendants took income from Golub when they were in fact working for Gateway. (Id., ¶ 17, 18).

Golub filed its Complaint in this matter on January 13, 2009. (Doc. No. 1). Based on the foregoing allegations, Golub asserts separate RICO violations in Counts I and II, and fraud, breach of fiduciary duty, and civil theft claims in Counts III through V.

As stated above, Gateway and the Individual Defendants filed separate Motions to Dismiss for Lack of Personal Jurisdiction on February 9, and February 16, 2009. (Doc. Nos. 3, 6, 8, 10).

## DISCUSSION

In their Motions to Dismiss, Defendants maintain they lack sufficient contacts with the State of Missouri, and thus subjecting them to jurisdiction here would violate the Constitutional requirements of fair play and substantial justice. Golub responds that personal jurisdiction in this

---

[3] In an affidavit attached to her Motion to Dismiss, Pfalzgraf asserts she is neither an officer, director, nor shareholder of Gateway. (Affidavit of Anna Pfalzgraf, Doc. No. 3-2, P. 1).

action is premised not on Missouri's long-arm statute, but rather on 18 U.S.C. § 1965, which authorizes nationwide service of process in federal RICO cases.

Section 1965 provides in relevant part as follows:

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof....

(d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965. Courts agree that section 1965 allows nationwide service of process for RICO claims. See, e.g., Gatz v. Ponsoldt, 271 F.Supp.2d 1143, 1152 (D. Neb. 2003); BankAtlantic v. Coast To Coast Contractors, Inc., 947 F.Supp. 480, 484 (S.D. Fla. 1996); Omni Video Games, Inc. v. Wing Co., Ltd., 754 F.Supp. 261, 263 (D. R.I. 1991). Federal courts differ on the interpretation of section 1965 as it relates to personal jurisdiction, however, and the Eighth Circuit Court of Appeals has not yet addressed the issue. Gatz, 271 F.Supp.2d at 1152. See also BankAtlantic, 947 F.Supp. at 485 ("[T]here has been some confusion among the courts regarding nationwide service of process and personal jurisdiction in RICO actions; namely, whether to apply subsection § 1965(b) or subsection (d) in order to assess personal jurisdiction in a particular case").

Upon consideration, this Court agrees with those cases holding that where, as here, a federal statute authorizes nationwide service of process, "the exercise of personal jurisdiction is compatible with due process as long as the defendants have sufficient minimum contacts with the United States." Gatz, 271 F.Supp.2d at 1153 (citations omitted). See also University Sav. Ass'n v. Bank of New

Haven, 765 F.Supp. 35, 37 (D. Conn. 1991); Omni, 754 F.Supp. at 263. In the instant case, the Individual Defendants all reside in the State of Illinois, and Gateway is an Illinois professional corporation with its only place of business in Illinois. Defendants thus possess the requisite minimum contacts with the United States, and so this Court may exercise personal jurisdiction over them under the authority of section 1965(d). Omni, 754 F.Supp. at 263-64 (D. R.I. 1991).[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' various Motions to Dismiss for Lack of Personal Jurisdiction (Doc. Nos. 3, 6, 8, 10) are **DENIED**.

Dated this 11th day of March, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] The Court further holds that because it has personal jurisdiction over Defendants pursuant to 18 U.S.C. § 1965(d), and because both the RICO claims and the state-law claims are based on the same common nucleus of facts, it may exercise personal jurisdiction over Defendants as to the state-law claims as well. Gatz, 271 F.Supp. 2d at 1154.