UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GOLUB & ASSOCIATES, INC., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:09CV92 JCH |
| | ) |
| DAN LONG, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Golub & Associates, Inc.'s Motion to Dismiss Defendants' Counterclaim, filed April 13, 2009. (Doc. No. 24). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Golub & Associates, Inc. ("Golub") is a Missouri Corporation, engaged in the business of insurance adjusting in both Missouri and Illinois. (Complaint, ¶¶ 1, 10). Defendants Dan Long ("Long"), Kirk Freels ("Freels"), and Anna Pfalzgraf ("Pfalzgraf") (collectively the "Individual Defendants"), are all citizens and residents of Illinois, and former employees or independent contractors of Golub. (Defendants' Counterclaim, ¶¶ 7-9).

Defendant Gateway Public Adjusters, PC ("Gateway"), an Illinois professional corporation with its principal place of business in Illinois, was formed on or about January 3, 2008. (Compl., ¶¶ 5, 14). Long currently is president of Gateway, Freels is an employee and shareholder of Gateway, and Pfalzgraf is an employee of Gateway. (Counterclaim, ¶¶ 7-9). According to Golub, from the time of its formation through the present, Gateway has been used by the Individual Defendants as an enterprise, as that term is defined by the Racketeer Influenced and Corrupt Organizations Act, 18

U.S.C. §§ 1961-1968 ("RICO"), illegally to divert customers and money away from Golub. (Complaint, ¶¶ 5, 15, 16). Golub further alleges Gateway and the Individual Defendants illegally took records and other property of Golub, and that the Individual Defendants took income from Golub when they were in fact working for Gateway. (Id., ¶ 17, 18).

Golub filed its Complaint in this matter on January 13, 2009. (Doc. No. 1). Based on the foregoing allegations, Golub asserts the following causes of action against Gateway and the Individual Defendants: RICO acquisition and maintenance of an interest in and control of an enterprise engaged in a pattern of racketeering activity (Count I); conduct and participation in a RICO enterprise through a pattern of racketeering activity (Count II); fraud (Count III); breach of fiduciary duty (Count IV); and civil theft (Count V).

On March 25, 2009, Defendants filed their Answer to Complaint, Demand for Trial by Jury, and Affirmative Defense, in which they denied liability with respect to Counts I through V, and asserted the parties entered into a settlement agreement of their dispute on June 3, 2008. (Doc. No. 22, PP. 1-4). Defendants further countersued Plaintiff on nearly identical grounds as the lawsuit instituted against themselves. Indeed, Defendants' counsel appears to have transcribed the majority of Counts I, II, III, and V of the Complaint, merely transposing the parties' names prior to initiating the Counterclaim against Plaintiff. (Id.).[1]

On June 1, 2009, after Plaintiff moved to dismiss their Counterclaim, Defendants filed a Third

---

[1] Defendants added their own Count V, a claim for breach of contract. (Doc. No. 22, P. 14).

Party Complaint against Daniel Rudman[2], Ace R. Hart[3], Donna Lanter[4], Theresa McCorkle[5], and Brian Robert Davis[6] (collectively "Third Party Defendants").[7]  (Doc. No. 30).  In their Third Party Complaint, after alleging Golub is an enterprise owned and operated by Third Party Defendants within the definition contained in RICO, and used illegally by them to divert money and customers away from Defendants, Defendants continue to assert the following causes of action against Third Party Defendants:  RICO acquisition and maintenance of an interest in and control of an enterprise engaged in a pattern of racketeering activity (Count I); conduct and participation in a RICO enterprise through a pattern of racketeering activity (Count II); fraud (Count III); civil theft (Count IV); and breach of contract (Count V).[8]

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Additionally, the

---

[2] According to Defendants, at all relevant times Third Party Defendant Daniel Rudman ("Rudman") was the CEO of Golub, and a member of its board of directors. (Third Party Complaint, ¶ 6).

[3] According to Defendants, at all relevant times Third Party Defendant Ace R. Hart ("Hart") was the President of Golub, and a member of its board of directors.  (Third Party Complaint, ¶ 7).

[4] According to Defendants, at all relevant times Third Party Defendant Donna K. Lanter ("Lanter") was the Officer Manager and Secretary of Golub, and a member of its board of directors. (Third Party Complaint, ¶ 8).

[5] According to Defendants, at all relevant times Third Party Defendant Theresa McCorkle ("McCorkle") was an Inventory Specialist employed by Golub.  (Third Party Complaint, ¶ 9).

[6] According to Defendants, at all relevant times Third Party Defendant Bryan Robert Davis ("Davis") was an Adjuster employed by Golub.  (Third Party Complaint, ¶ 10).

[7] Third Party Defendants have not yet filed an answer to Defendants' Third Party Complaint.

[8] The claims in Defendants' Third Party Complaint against Rudman, Hart, Lanter, McCorkle, and Davis, are identical to those asserted against Golub in their Counterclaim.

Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## **DISCUSSION**

### **I.** **Failure To Name RICO Defendant**

In its Motion to Dismiss, Plaintiff first asserts that Counts I and II of Defendants' Counterclaim must be dismissed, because they fail properly to name a RICO defendant. (Plaintiff's Motion to Dismiss, PP. 2-3). As noted above, however, Defendants filed a Third Party Complaint on June 1, 2009, adding Rudman, Hart, Lanter, McCorkle and Davis as individual Defendants to their RICO claims. (Doc. No. 30). The impact of this filing on Plaintiff's motion is unclear to the Court, especially in light of Plaintiff's brief memorandum in support of its position. The Court thus will deny this portion of Plaintiff's Motion to Dismiss without prejudice.

### **II.** **Failure To Plead Claims With Sufficient Particularity**

With the remainder of its motion, Plaintiff alleges Defendants failed to plead the various Counts of their Counterclaim with sufficient particularity. (Plaintiff's Motion to Dismiss, PP. 3-5). Upon review of the record, however, the Court notes Defendants' counterclaims against Plaintiff are no less specific than Plaintiff's original claims against Defendants. This Court thus cannot find

Defendants' claims to be insufficiently pled, without finding Plaintiff's claims similarly impaired.[9] The Court declines to make such a finding, instead holding all Counts of Defendants' Counterclaim are sufficiently detailed to survive a motion to dismiss.[10]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a More Definite Statement is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Thursday, July 23, 2009**, within which to file its Answer to Defendants' Counterclaim.

Dated this 9th day of July, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[9] The Court admittedly finds Defendants' election to mimic the language of Plaintiff's Complaint so completely in their Counterclaim extremely strange. The Court will not dismiss the Counterclaim on this basis, however, trusting instead that the discovery process will ferret out any non-meritorious claims raised by either side to this dispute.

[10] In so ruling, the Court holds Defendants' breach of contract claim survives Plaintiff's Motion to Dismiss as well.